```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DANIEL WEBSTER LANGHORNE,                    :
                                             :
                     Plaintiff,              :    03 Civ. 4610 (RMB)
                                             :
        -against-                            :    **DECISION AND ORDER**
                                             :
THE PORT AUTHORITY OF NEW YORK               :
AND NEW JERSEY, and ROBERT                   :
HALF INTERNATIONAL, INC.,                    :
                                             :
                     Defendants.             :
------------------------------------------------------------x
```

**I.     Background**

On or about May 21, 2004, Donald Webster Langhorne ("Plaintiff") filed an amended complaint ("Amended Complaint") against his former employer, the Port Authority of New York and New Jersey ("Port Authority") and Robert Half International, Inc. ("RHI"), a temporary employment agency that placed Jonathan Stark ("Stark") in a supervisory position vis-à-vis Plaintiff with the Port Authority. (Amended Complaint at 3, 6.) Plaintiff's claims against RHI include: (1) conspiracy in violation of 42 U.S.C. § 1985(3); (2) prima facie tort; (3) employment discrimination and retaliation under N.Y. Exec. Law § 296(1) ("NYSHRL") and N.Y.C. Admin. Code § 8-107 ("NYCHRL"); and (4) tortious interference of contract. (See Amended Complaint ¶¶ 54-57, 74-112.) On May 9, 2005, RHI moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Memorandum in Support of Defendant's Motion to Dismiss the Amended Complaint, dated May 21, 2004.)

On November 10, 2005, Magistrate Judge Gabriel W. Gorenstein, to whom this matter had been referred, issued a thoughtful report and recommendation ("Report"), recommending that RHI's motion to dismiss should be granted. (Report at 1, 6 ("[Plaintiff's] claim[s] fail . . . .

[because of] the absence of factual allegations in the complaint that RHI . . . did anything at all with respect to [Plaintiff's] employment at the Port Authority").)

The Report states that "pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from the service of this Report to file any objections." (Report at 13.)[1] On or about December 5, 2005, Plaintiff submitted objections ("Plaintiff's Objections") to the Report. On or about December 23, 2005, RHI submitted a response to Plaintiff's Objections ("RHI's Response") requesting that the Report be adopted "in its entirety" and that the Amended Complaint as against RHI be dismissed "with prejudice and on the merits." (RHI's Response at 2.) **For the reasons set forth below, the Court adopts the Report in all material respects.**

## II.     Standard of Review

The Court may adopt those portions of a magistrate's report to which no objections have been made and which are not facially erroneous. See Fed. R. Civ. P. 72(b); see also Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Pizarro v. Bartlett, 776 F Supp. 815, 817 (S.D.N.Y. 1991). The Court makes "a de novo determination of those portions of the report . . . to which objection is made" and may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate. Grassia, 892 F.2d at 19; see Delucas v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994).

## III.    Analysis

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted. The Court has conducted a de novo review of, among other things, the Amended Complaint, the Report, Plaintiff's Objections, RHI's Response, and applicable legal authorities,

---

[1] On or about November 29, 2005, the Court granted Plaintiff's request for a one-week extension to file any objections to the Report.

2

and concludes that the legal and factual determinations made by Magistrate Judge Gorenstein are supported by the record.[2]

A. Legal Standard

Magistrate Judge Gorenstein correctly based his recommendation of dismissal upon Plaintiff's failure to allege crucial facts in support of his claims. (See, e.g., Report at 7 (finding Plaintiff failed to allege that "RHI and Port Authority engaged in any behavior constituting a conspiracy to deprive him of any protected rights.").) (See Report at 6-8, 10-12); De Jesus v. Sears, Roebuck, and Co., 87 F.3d 65, 70 (2d Cir. 1996) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of rule 12(b)(6)."); Lewittes v. Cohen, No. 3 Civ. 189, 2004 U.S. Dist. LEXIS 9467, at *2 (S.D.N.Y. May 26, 2004) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

B. § 1985(3) Conspiracy

Plaintiff's new allegations, submitted in Plaintiff's Opposition for the first time, need not be considered as they are "matters outside the pleadings." (Report at 8 (citing Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988).) Further, "none of [Plaintiff's additional] allegations . . . would cure the complaint's failure to state a claim under § 1985." (Report at 8); see In re Am. Express Co. S'holder Litig., 39 F.3d 395, 402 (2d Cir. 1994) ("leave to amend [the complaint] may be denied if the amendment would be futile.").) Magistrate Judge Gorenstein properly determined that "[i]n this case, it is not necessary to rely on a heightened pleading standard for civil rights cases to determine that the Amended

---

[2] As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. See Pizzaro, 776 F. Supp. at 817. Any of the Plaintiff's Objections not specifically addressed in this Order have been considered de novo and rejected.

3

Complaint fails to state a claim." (Report at 7-8; see also RHI's Response at 3); see also Swierkiewicz v. Sorema, N.A. 534 U.S. 506, 511-512 (2002).

C.   Prima Facie Tort

To state a claim for prima facie tort under New York state law, a plaintiff must show "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful[.]" Freihofer v. Hearst Corp., 65 N.Y.2d 135, 142-43 (1985) (citing Curiano v. Suozzi, 63 N.Y.2d 113, 117 (1984).)  A plaintiff also must make a "particularized statement of the reasonable, identifiable, and measurable special damages." Constant v. Hallmark Card, Inc., 568 N.Y.S.2d 441, 442 (2d Dep't 1991) (citing Broadway v. 67th St. Corp. v. City of N. Y., 100 A.D.2d 478, 486-487 (1st Dep't 1984).)  "Broad and conclusory terms are simply insufficient." Id. at 442.

Magistrate Judge Gorenstein correctly found that Plaintiff's tort claim fails because Plaintiff has not made factual allegations that RHI "engaged in the intentional infliction of harm." (Report at 10.)  And, Plaintiff does not itemize his damage claim against RHI. (Id. at 9; See Amended Complaint ¶¶ 75-76); see also Constant, 568 N.Y.S.2d at 442; Groat v. Town Bd. of Glanville, 418 N.Y.S.2d 842, 845 (N.Y. Special Term 1979) ("[D]amages pleaded in such round sums, without any attempt at itemization, must be deemed allegations of general damages") (citations omitted).[3]

D.   NYSHRL and NYCHRL

"In determining whether an entity may be considered an employer under New York law for purposes of a discrimination claim, . . . [the entity's] power to control [the employee] is the

---

[3] Amendment of the ad damnum clause in the Amended Complaint would be futile because Plaintiff also fails to plead adequately intent. (See Report at 10; See Plaintiff's Objections at 5); See Freihofer, 65 N.Y.2d at 142-43; see Levy v. Coates, 729 N.Y.S.2d 903, 903 (2d Dep't 2001).

4

most important" factor to consider. O'Gorman v. Holland, 97 Civ. 0842, 2000 U.S. Dist. LEXIS 109, at *12 (S.D.N.Y. Feb. 2, 2000) (considering both the NYSHRL and the NYCHRL). Plaintiff does not allege that RHI was his employer. (Amended Complaint ¶ 4 ("Plaintiff . . . was an employee of the defendant Port Authority . . . when . . . his employment was terminated.").) And, Magistrate Judge Gorenstein correctly found that Plaintiff does not allege that RHI was an agent of the Port Authority with respect to the claimed acts of discrimination, or that the discrimination Plaintiff allegedly suffered occurred while "acting upon applications for [RHI's] services or in referring an applicant or applicants . . . to an employer or employers." (Report at 11; see Amended Complaint ¶¶ 78-108.)

  E. Tortious Interference With Contract

A prima facie claim for tortious interference of contractual relations under New York law requires a plaintiff to establish four elements as follows:

> (1) [t]he existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff[.]

Kronos, Inc. v. AVX Corp., 81 N.Y.2d 90, 94 (1993) (citations omitted).

Magistrate Judge Gorenstein properly found that the Amended Complaint fails to allege that RHI had knowledge of Plaintiff's contract with the Port Authority. (Report at 12; See Amended Complaint ¶¶ 109-112); Bishop v. Porter, No. 02 Civ. 9542, 2003 U.S. Dist. LEXIS 7625, at *22 (S.D.N.Y. May 8, 2003) ("Because there is no allegation that [defendant] knew of the contract at issue, [plaintiff] has failed to state a claim."); see also Don King Prods., Inc. v. Douglas, 742 F. Supp. 741 (S.D.N.Y. 1990); American Cyanamid Co. v. Elizabeth Arden Sales Corp., 331 F. Supp. 597 (S.D.N.Y. 1971).

5

IV. **Conclusion and Order**

The Court adopts Magistrate Judge Gorenstein's Report in all material respects, and for the reasons stated herein and therein, grants RHI's motion to dismiss [21], and dismisses with prejudice all of Plaintiff's claims against RHI.

Dated: New York, New York
January 18, 2006

*RMB*

RICHARD M. BERMAN, U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-18-06
```